JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-01277 AG (DTBx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | GMAC MORTGAGE LLC v. GLORIA H. SPENCE | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** [IN CHAMBERS] ORDER REMANDING CASE

For the reasons that follow, this case is REMANDED to the San Bernardino County Superior Court of California.

Plaintiff GMAC Mortgage LLC ("Plaintiff") filed a Complaint for unlawful detainer against Defendant Gloria H. Spence ("Defendant") in state court. Defendant filed a Notice of Removal. The Notice of Removal appears to argue that removal is proper because the Court has federal question jurisdiction and diversity jurisdiction, but it fails to establish that such jurisdiction exists.

First, the Notice of Removal does not establish that federal question jurisdiction exists. Under 28 U.S.C. § 1331, federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." And under 28 U.S.C. § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Thus, to remove a case from state to federal court based on federal question jurisdiction, a party must normally show that the Complaint arises under federal law.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-01277 AG (DTBx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | GMAC MORTGAGE LLC v. GLORIA H. SPENCE | | |

Here, the Complaint asserts only a state claim for unlawful detainer. Thus, federal question jurisdiction over this case does not exist.

Second, the Notice of Removal also does not establish that diversity jurisdiction exists. A case filed in state court may be properly removed to federal court if the removing party establishes in the Notice of Removal that each plaintiff is diverse from each defendant and the amount in controversy exceeds $75,000. Here, the Notice of Removal fails to meet the citizenship and the amount in controversy requirements. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) (where a plaintiff's complaint states that the amount in controversy is under the jurisdictional limit, a defendant seeking to remove the case because of diversity jurisdiction must prove to a legal certainty that the plaintiff's statement is false, and that the amount in controversy actually exceeds the jurisdictional limit). Thus, the Notice of Removal fails to establish that diversity jurisdiction exists over this case.

Further, in unlawful detainer actions, "[s]peedy adjudication is desirable to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*. Defendant is cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she [was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

In sum, Defendant fails to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-01277 AG (DTBx) | Date | August 18, 2011 |
|---|---|---|---|
| Title | GMAC MORTGAGE LLC v. GLORIA H. SPENCE | | |

                                                            : 0

Initials of Preparer     lmb